## No. 490
### HOCKING VALLEY RY. CO. v. KONTNER
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1269. Decided April 3, 1925.

991. RAILROADS—1. Defenses under fellow servant rule and contributory negligence abolished by Federal Employers' Liability act.

2. Question of engineer's negligence as well as assumption of risk, properly submitted to jury.

ALLREAD, J.

Bert Kontner brought an action in the Franklin Common Pleas against the Hocking Valley Railway Co. for serious injuries he received while in the employ of the Company, said injuries being due to the negligence of another employe of the company. It seems that Kontner, an engineer rammed into the rear of a stationary train. He claimed that the flagman of the stationary train was negligent in not evidencing the presence of the train at the watering station by proper signals or torpedoes placed on the track to warn an oncoming train of the danger, as provided by the rules of the company. Kontner recovered a judgment and verdict for $4750 in the trial court.

Error was prosecuted and the company contend that Kontner's negligence was the sole cause of the collision. The contention was based on a rule of the company's providing that: "Engineers of trains following other trains must approach water stations with proper care, with the train under such control as will prevent collision." Kontner contended that one, Brenner, who was flagman of the stationary train and who should have performed his duty by signalling his (Kontner's) train, was sleeping. The negligence of Brenner was therefore the negligence of the company. The Court of Appeals held:

1. Under the Federal Employer's Liability Act, the defenses of the negligence of fellow servants and contributory negligence are abolished; the latter being allowed only in reduction of the amount claimed.

2. The negligence of Brenner under the Federal Employers' Liability Act was the negligence of the company, and supported one of the charges of negligence under Kontner's petition.

3. Question of Kontner's negligence as well as the assumption of risk were questions properly sumbitted to the jury.

4. Kontner had not assumed any obligation

which would relieve Brenner from his duty. Kontner had a right to claim the benefit of the duty imposed upon Brenner to protect the rear end of his train. Finding no prejudicial error, the judgment is affirmed.

Attorneys—Wilson & Rector & F. C. Amos, for Company; Newcomb, Newcomb & Nord, and Pugh for Kontner; all of Columbus.